BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
pbrown@bholaw.com

BRASWELL MURPHY, LLC
KASIE M. BRASWELL
D. BRIAN MURPHY
105 N. Conception Street, #100
Mobile, AL 36602-2904
Tel: 251/438-7503
251/438-7949 (fax)
kasie@braswellmurphy.com
brian@braswellmurphy.com

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
W. DANIEL "DEE" MILES, III
ARCHIE I. GRUBB
218 Commerce Street
Montgomery, AL 36104
Tel: 334/269-2343
334/954-7555 (fax)
dee.miles@beasleyallen.com
archie.grubb@beasleyallen.com

LAW OFFICE OF PETER FREDMAN PC
PETER B. FREDMAN (189097)
125 University Ave., Suite 102
Berkeley, CA 94710
Tel: 510/868-2626
510/868-2627 (fax)
peter@peterfredmanlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

CRYSTAL BROWN, on Behalf of Herself and All Others Similarly Situated,

Plaintiff,

v.

DANONE NORTH AMERICA, LLC and THE WHITEWAVE FOODS COMPANY,

Defendants.

Case No. 3:17-cv-07325

**CLASS ACTION COMPLAINT FOR:**
1. **VIOLATION OF CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §§1750, *et seq.*; and**
2. **VIOLATION OF THE UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE §§17200, *et seq.***

**CLASS ACTION**

**DEMAND FOR JURY TRIAL**

BLOOD HURST & O'REARDON, LLP

Plaintiff Crystal Brown brings this class action complaint against defendants Danone North America, LLC and The WhiteWave Foods Company (collectively "DanoneWave"), on behalf of herself and all others similarly situated. Plaintiff alleges the following complaint upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. This is a consumer protection class action brought pursuant to Fed. R. Civ. P. 23 arising out of defendants' false and deceptive advertising of their Horizon Organic Milk plus DHA Omega-3 products. The deceptively advertised products are: Horizon Organic Milk with DHA Omega-3; Horizon Organic Reduced Fat Milk with DHA Omega-3; Horizon Organic Fat-Free Milk with DHA Omega-3; Horizon Organic Lowfat Chocolate Milk with DHA Omega-3; Horizon Organic Lowfat Chocolate Milk Box with DHA Omega-3; and Horizon Organic Lowfat Vanilla Milk Box with DHA Omega-3 (collectively "Horizon Organic milk").

2. DanoneWave produces, markets, sells, and distributes Horizon Organic milk. Through an extensive, integrated, and widespread nationwide marketing campaign, DanoneWave promises that Horizon Organic milk is certified "organic."

3. The organic promise is made prominently on each Horizon Organic milk package and throughout the marketing materials.

4. As DanoneWave knows and promotes, there is an ever-increasing sentiment among consumers that organic foods and beverages are healthier than and superior to conventionally produced foods and beverages. Consumers are willing to, and do, pay more for organic foods and beverages. DanoneWave's advertising and marketing campaign is designed to induce consumers to purchase Horizon Organic milk in reliance on defendants' false and deceptive promise that the milk is organic.

5. Horizon Organic milk is not organic. The DHA DanoneWave adds to the Horizon Organic milk is not organic and is not an additive that may be included in certified organic food products, such as defendants' Horizon Organic milk. As a result of

1  DanoneWave's false and misleading advertising, defendants have caused consumers to
2  purchase Horizon Organic milk that is not organic as it purports to be.

3       6.     Plaintiff Brown brings this action on behalf of herself and all other similarly
4  situated consumers to halt DanoneWave's dissemination of the false and misleading
5  advertising message, correct the false and misleading perception defendants have created in
6  the minds of consumers, and to obtain redress for those who have purchased Horizon Organic
7  milk.

8                            **INTRADISTRICT ASSIGNMENT**

9       7.     Pursuant to Civil Local Rules 3-2(c)-(d), and 3-5(b), Defendant is
10 headquartered in San Francisco County, this action otherwise arises in San Francisco County,
11 and it is therefore appropriate to assign this action to the San Francisco Division.

12                                   **PARTIES**

13      8.     Plaintiff Crystal Brown is a citizen of the State of California.  At all times
14 relevant to this action, she resided in San Francisco, California.  Plaintiff Brown purchased
15 Horizon Organic milk on various occasions for approximately one year, beginning in or
16 around January 2015, and up to and including January 2016.  Plaintiff purchased different
17 varieties of the product including Horizon Organic Milk with DHA Omega-3; Horizon
18 Organic Reduced Fat Milk with DHA Omega-3; Horizon Organic Fat-Free Milk with DHA
19 Omega-3; Horizon Organic Lowfat Chocolate Milk with DHA Omega-3; Horizon Organic
20 Lowfat Chocolate Milk Box with DHA Omega-3.   The products were purchased
21 approximately once a week from retailers, primarily Safeway and Whole Foods.  Prior to her
22 purchases, plaintiff Brown read defendants' labels on which they represented that the milk was
23 "Organic."  In reliance upon these representations that the milk was organic, Brown purchased
24 what she reasonably believed were organic milk products.  Had plaintiff known the truth about
25 Horizon Organic milk and that it was not organic as represented, she would not have
26 purchased the products or would not have paid the price she paid.  As a result of defendants'
27 conduct alleged herein, plaintiff suffered injury in fact and lost money and property.

28

2                                                            Case No. _____

1    9.    Defendant Danone North America, LLC ("Danone N.A.") is organized and

2  existing under the laws of the state of Delaware.  Danone N.A.'s headquarters are at 100

3  Hillside Avenue, White Plains, New York, 10603.  Danone N.A. is a wholly-owned subsidiary

4  of GroupeDanone, a multinational food products corporation based in Paris, France.  On April

5  12, 2017, GroupeDanone announced the acquisition of WhiteWave for $12 billion.

6    10.    Defendant The WhiteWave Foods Company ("WhiteWave"), a former

7  subsidiary of Dean Foods, is organized and existing under the laws of the state of Delaware.

8  WhiteWave's headquarters are at 1225 Seventeenth Street, Suite 1000, Denver, Colorado,

9  80202.   Among other activities, WhiteWave produces, advertises, markets, and sells milk

10  under the Horizon Organic brand.  Horizon Organic is the largest supplier of organic milk in

11  the country with market share exceeding 40 percent.  At all times relevant to this litigation,

12  WhiteWave produced, advertised, marketed, and sold Horizon Organic DHA Omega milk to

13  tens of thousands of consumers nationwide, including in California.  WhiteWave distributed

14  Horizon Organic milk to consumers from its five regional distribution centers, including one

15  located at 1721 San Juan Highway, San Juan Bautista, California, 95045.  On April 12, 2017,

16  WhiteWave announced that it had been acquired by GroupeDanone.

17    11.    Danone N.A. and WhiteWave combined their activities in North America to

18  form a strategic business unit known as DanoneWave.  Defendants, via their business unit

19  DanoneWave, produce, advertise, market, and distribute Horizon Organic DHA Omega milk

20  to thousands of customers in California and throughout the United States.

21                            **JURISDICTION AND VENUE**

22    12.    The court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The

23  matter in controversy, exclusive of interest and costs, exceeds $5,000,000 and is a class action

24  in which there are in excess of 100 class members and some of the class members are citizens

25  of states different from each of the defendants.

26    13.    The court has personal jurisdiction over both defendants Danone N.A. and

27  WhiteWave because they conduct extensive business in California.  Defendants have

28  marketed, promoted, distributed, and sold Horizon Organic milk in California, have sufficient

1  minimum contacts with California, and/or have sufficiently availed themselves of California

2  markets through the promotion, sales, distribution, and marketing in California to render the

3  exercise of jurisdiction by California courts permissible.

4        14.     Venue is proper in this court pursuant to 28 U.S.C. §1391(a) and (b) because a

5  substantial part of the events or omissions giving rise to plaintiff Brown's claims occurred in

6  this district.  Venue also is proper under 18 U.S.C. §1965(a) because defendants transact

7  substantial business in this district.

8  **FACTUAL ALLEGATIONS**

9        15.     Since 1994, Horizon Organic milk has been distributed, marketed, and sold

10  nationwide.

11        16.     Horizon Organic milk is sold at a variety of grocery chains, as well as other

12  retail outlets.  Horizon Organic milk is available in half-gallon cartons (64 fl. oz.) and/or half

13  pint boxes (8 fl. oz.).  One-half gallon of Horizon Organic milk retails for approximately $5.00

14  to $6.00, significantly higher than a one-half gallon of non-organic milk.

15        17.     Each Horizon Organic milk label prominently and in bold capital letters

16  represents that Horizon milk is "**ORGANIC**."  The label for each of the Horizon Organic milk

17  products at issue in this case are reproduced below.

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O'REARDON, LLP

00129631

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20








21

22      18.     Certified organic milk, such as Horizon Organic milk, is processed according to

23  federal rules addressing factors such as animal raising and feeding practices, and use of

24  nutritional additives such as DHA.  For example, rules require milk marketed as organic to

25  come from cows whose food was grown without chemical fertilizers, pesticides, or genetically

26  modified seeds.  Herds cannot be treated with hormones or antibiotics for their milk to be

27  advertised as organic.

28

BLOOD HURST & O'REARDON, LLP

19.     DanoneWave knows that purchasing and consuming a truly organic product is important to consumers who buy organic.  DanoneWave affirms on the Horizon website that "we're committed to organic standards and ingredients."  Horizon Organic milk is not organic as DanoneWave represents.

20.     The DHA Omega-3 added to Horizon Organic milk is derived from algae.[1]  The DHA Omega-3 used in DanoneWave milk is not organic.  It is synthetically manufactured using Schizochytrium, a type of algae that is fed a continuous diet of corn syrup in order to boost reproduction.  The corn syrup fed to the algae is derived from GMO corn.  The DHA manufacturing process includes treating the microalgae with an enzyme that hydrolyzes the cell wall causing it to rupture and release DHA algal oil from the cell.  The oil is released in an aqueous broth to form a water/oil emulsion.  Isoropyl alcohol is added to break the oil and water emulsion.  The DHA manufacturing process also requires the use of non-organic processing aids, some of which remain in the finished DHA product.

21.     An exclusive list of nutritional additives may be added to organic food products and the products still labeled "organic."  As early as 2008, the FDA and other agencies made clear that the only essential vitamins and minerals that could be added to food products labeled certified organic are: Protein, Vitamins A, C, D, E, B6, B12, Copper, Potassium, Calcium, Iron, Thiamin, Riboflavin, Niacin, Folate, Biotin, Pantothenic acid, Phosphorus, Magnesium, Zinc, Copper, and Iodine.

22.     DHA Omega-3 is not on this list.  Food manufacturers' requests that DHA be added to the list of permitted synthetic ingredients in organic food have not been approved.

23.     If a food product includes DHA Omega-3 as an ingredient or additive the product is not organic and it is false and misleading to label and advertise the product as organic.

24.     DanoneWave nonetheless labels and advertises its Horizon Organic milk products as "**ORGANIC**".  This advertising is false or misleading to consumers.

---

[1]     Omega-3s are a polyunsaturated fatty acid.  DHA (docosahaxaenoic acid) is one of the long chain omega-3 fatty acids.

25.     Plaintiff Brown brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of a class defined as:

> **All persons within the State of California, and other states with laws similar to California's, who purchased Horizon Organic milk.**

26.     Excluded from the class are: defendants, their parents, subsidiaries, affiliates, officers, and directors; the judge to whom this case is assigned and any immediate family members thereof; and those who purchased Horizon Organic milk for the purpose of resale.

27.     Certification of plaintiff's claims for classwide treatment is appropriate because she can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

28.     **Numerosity.** Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the class are so numerous that joinder of all class members is impracticable.  DanoneWave has sold many thousands of units to class members.

29.     **Commonality & Predominance.** Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(b)(3), this action involves common questions of law and fact which predominate over any questions affecting individual class members including, without limitation:

    a.     whether the representations discussed herein that DanoneWave made about Horizon Organic products were false, misleading, or likely to deceive;

    b.     whether DanoneWave's conduct violates public policy;

    c.     whether DanoneWave engaged in false or misleading advertising;

    d.     whether DanoneWave's conduct constitutes violations of the laws asserted herein;

    e.     whether plaintiff Brown and the other class members have been injured, and the proper measure of their losses as a result of those injuries; and

    f.     whether plaintiff Brown and the other class members are entitled to injunctive, declaratory, or other equitable relief.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

30.     **Typicality.** Pursuant to Fed. R. Civ. P. 23(a)(3), plaintiff's claims are typical of the other class members' claims because, among other things, all class members were comparably injured through the uniform prohibited conduct described above.

31.     **Adequacy of Representation.** Pursuant to Fed. R. Civ. P. 23(a)(4), plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the other class members she seeks to represent; she has retained counsel competent and experienced in complex commercial and class action litigation; and she intends to prosecute this action vigorously. Plaintiff Brown's counsel are experienced in handling complex litigation, including class actions. The interests of the class members will be fairly and adequately protected by plaintiff and her counsel.

32.     **Declaratory & Injunctive Relief.** Pursuant to Fed. R. Civ. P. 23(b)(2), DanoneWave has acted or refused to act on grounds generally applicable to plaintiff and the other class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the class as a whole.

33.     **Superiority.** Pursuant to Fed. R. Civ. P. 23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by plaintiff Brown and the other class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against DanoneWave, so it would be impracticable for class members to seek redress individually for DanoneWave's wrongful conduct. Even if the class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

///

///

**CLAIMS ALLEGED**

**COUNT I**

**Violation of California's Unfair Competition Law
(Business & Professions Code §§17200, *et seq.*)**

34.     Plaintiff Brown incorporates the preceding paragraphs as if fully set forth herein.

35.     Plaintiff Brown has suffered injury in fact and lost money or property as a result of DanoneWave's conduct because she purchased one or more of defendants' Horizon Organic milk products in reliance on defendants' false and deceptive representations that the products were organic when they were not.

36.     The Unfair Competition Law, Business & Professions Code §§17200, *et seq.* ("UCL"), prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising.   DanoneWave committed unlawful business practices by, among other things, making representations (which also constitute advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770(a)(5), (7), (9), and (16) and Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

37.     Plaintiff Brown, individually and on behalf of the other class members, reserves the right to allege other violations of law which constitute other unlawful business acts or practices.

38.     In the course of conducting business, DanoneWave committed "unfair" business practices by, among other things, making the representations (which also constitute advertising within the meaning of §17200) and omissions of material facts regarding Horizon Organic milk in its advertising campaign, including the product packaging, as set forth herein. There is no societal benefit from false and misleading advertising – only harm.   Plaintiff Brown and class members paid for a product that does not confer the benefits it promises. While plaintiff Brown and the other class members were harmed, DanoneWave was unjustly enriched by the false misrepresentations and omissions.   As a result, DanoneWave's conduct is

*Left margin:* BLOOD HURST & O'REARDON, LLP

BLOOD HURST & O'REARDON, LLP

1    "unfair," as it offended an established public policy. Further, DanoneWave engaged in

2    immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to

3    consumers.

4        39.    Further, as set forth in this complaint, plaintiff Brown alleges violations of

5    consumer protection, unfair competition, and truth in advertising laws in California, resulting

6    in harm to consumers. DanoneWave's acts or omissions also violate and offend the public

7    policy against engaging in false and misleading advertising, unfair competition, and deceptive

8    conduct towards consumers. This conduct constitutes violations of the unfair prong of

9    Business & Professions Code §§17200, *et seq.*

10       40.    There were reasonably available alternatives to further DanoneWave's

11   legitimate business interests, other than the conduct described herein.

12       41.    Business & Professions Code §§17200, *et seq.*, also prohibits any "fraudulent

13   business act or practice." In the course of conducting business, DanoneWave's "fraudulent

14   business act[s] or practice[s]" include, among other things, making the representations (which

15   also constitute false advertising within the meaning of §17200) and omissions of material facts

16   regarding Horizon Organic milk in its advertising campaign, including on the product

17   packaging and labeling, as set forth more fully herein. DanoneWave's misrepresentations and

18   omissions regarding the "organic" nature of its products were false and deceptive in violation

19   of the UCL's fraudulent prong.

20       42.    Plaintiff Brown and the class members have been deceived as a result of their

21   reliance on DanoneWave's material representations and omissions. This reliance has caused

22   harm to plaintiff Brown and other members of the class, each of whom purchased Horizon

23   organic milk.

24       43.    DanoneWave knew, or should have known, that its material representations and

25   omissions would be likely to deceive the consuming public and result in consumers purchasing

26   the Horizon Organic milk.

27       44.    As a result of its deception, DanoneWave has been able to reap unjust revenue

28   and profit.

45. Defendants' conduct is ongoing and continues to this date. Unless restrained and enjoined, DanoneWave will continue to engage in the above-described conduct making injunctive relief necessary and appropriate.

46. Plaintiff Brown, on behalf of herself, all others similarly situated, and the general public, also seeks restitution from DanoneWave of all money obtained from plaintiff and the other class members collected as a result of their unfair business practices, an injunction prohibiting defendants from continuing such practices, corrective advertising, and all other relief this Court deems appropriate, consistent with Business & Professions Code §17200.

## COUNT II

### Violation of California Consumers Legal Remedies Act
### (Civil Code §§1750, *et seq.*)

47. Plaintiff Brown incorporates the preceding paragraphs as if fully set forth herein.

48. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§1750, *et seq.* ("CLRA"). Plaintiff Brown is a consumer as defined by California Civil Code §1761(d). DanoneWave's Horizon Organic milk products are "goods" within the meaning of the CLRA.

49. DanoneWave violated and continues to violate the CLRA by engaging in the following practices proscribed by Civil Code §1770(a) in transactions with plaintiff Brown and the class which were intended to result in, and did result in, the purchase of its Horizon Organic milk by plaintiff and other class members:

> (5) Representing that [Horizon Organic milk] … has approval, characteristics, uses [and] benefits … which [they do] not have ….
>
> ***
>
> (7) Representing that [Horizon Organic milk] is of a particular standard, quality or grade … if [they are] of another.
>
> ***

(9)     Advertising goods … with intent not to sell them as advertised.

***

(16)    Representing that [Horizon Organic milk] has been supplied in accordance with a previous representation when [they have] not.

50.     DanoneWave violated the Act by representing and failing to disclose material facts on the Horizon Organic milk packaging and associated advertising, as described above, when defendants knew, or should have known, that the representations were false and misleading and that the omissions of material facts were facts they were obligated to disclose.

51.     Pursuant to Civil Code §1782(d), plaintiff Brown, individually and on behalf of the class, seeks a court order enjoining the above-described wrongful acts and practices of defendants and for restitution and disgorgement.

52.     Pursuant to §1782 of the Act, defendants Danone N.A. and WhiteWave were each notified in writing by certified mail of the particular violations of §1770 of the Act.  The notification demanded that defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of defendants' intent to so act.  A copy of the letters are attached hereto as Exhibit A.

53.     If defendants fail to rectify or agree to rectify the problems associated with their conduct described above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act, plaintiff Brown will amend this complaint as a matter of right to additionally seek actual, punitive and statutory damages as permitted by the CLRA.

54.     DanoneWave's conduct is fraudulent, wanton, and malicious.  Plaintiff and the class also seek attorneys' fees and costs as permitted by the CLRA.

55.     Pursuant to §1780(d) of the Act, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper form.

///

///

///

BLOOD HURST & O'REARDON, LLP

## REQUESTS FOR RELIEF

**WHEREFORE**, plaintiff Brown, individually and on behalf of the class, respectfully requests that the Court enter judgment in her favor and against defendants as follows:

    a.    declaring that this action is a proper class action, certifying the class as requested herein, designating plaintiff Brown as class representative, and appointing the undersigned as class counsel;

    b.    ordering defendants to pay restitution to plaintiff and class members;

    c.    awarding injunctive relief as permitted by law or equity, including enjoining defendants from continuing the unlawful practices as set forth herein, and ordering defendant to engage in a corrective advertising campaign;

    d.    ordering defendants to pay attorneys' fees, expenses, and costs to plaintiff and class members;

    e.    ordering defendants to pay pre- and post-judgment interest on any amounts awarded; and

    f.    ordering such other relief as may be just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff Brown demands a trial by jury of all claims in this complaint so triable.

Respectfully submitted,

Dated: December 27, 2017

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
PAULA R. BROWN (254142)

By:       *s/ Timothy G. Blood*
          TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
pbrown@bholaw.com

BLOOD HURST & O'REARDON, LLP

Case No. _____

00129631

CLASS ACTION COMPLAINT

BRASWELL MURPHY, LLC
KASIE M. BRASWELL
D. BRIAN MURPHY
105 N. Conception Street, #100
Mobile, AL 36602-2904
Tel: 251/438-7503
251/438-7949 (fax)
kasie@braswellmurphy.com
brian@braswellmurphy.com

BEASLEY, ALLEN, CROW,
   METHVIN, PORTIS & MILES, P.C.
W. DANIEL "DEE" MILES, III
ARCHIE I. GRUBB
218 Commerce Street
Montgomery, AL 36104
Tel: 334/269-2343
334/954-7555 (fax)
dee.miles@beasleyallen.com
archie.grubb@beasleyallen.com

LAW OFFICE OF PETER FREDMAN PC
PETER B. FREDMAN (189097)
125 University Ave., Suite 102
Berkeley, CA 94710
Tel: 510/868-2626
510/868-2627 (fax)
peter@peterfredmanlaw.com

*Attorneys for Plaintiff*

BLOOD HURST & O'REARDON, LLP

# EXHIBIT A




## BLOOD HURST & O'REARDON | LLP

501 W. Broadway, Suite 1490 | San Diego, CA 92101
T | 619.338.1100 F | 619.338.1101
www.bholaw.com

Leslie E. Hurst
lhurst@bholaw.com

December 27, 2017

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO. 7014 0150 0000 6250 7468)**

Ms. Lorna Davis
Executive Vice President and CEO
Danone North America, LLC
100 Hillside Ave.
White Plains, NY 10603

Dear Ms. Davis:

We represent Crystal Brown ("Plaintiff") and all other consumers similarly situated in an action against Danone North America, LLC and The WhiteWave Foods Company (collectively, "Defendants"), arising out of, *inter alia*, omissions and misrepresentations about Horizon Organic milk products with DHA Omega-3.

Plaintiff and others similarly situated purchased Horizon Organic milk products unaware of the fact that Defendants' "organic" representations and omissions were false and deceptive. The full claims, including the facts and circumstances surrounding these claims, are detailed in the class action complaint, a copy of which is attached and incorporated by this reference.

These representations and omissions are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendants with the intent to result in the sale of Horizons Organic milk products to the consuming public. These practices constitute violations of the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* Specifically, Defendants' practices violate California Civil Code §1770(a) under, *inter alia*, the following subdivisions:

    (5)    Representing that goods or services have … approval, characteristics, . … uses [or] benefits … [which] they do not have ….

* * *

    (7)    Representing that goods or services are of a particular standard, quality, or grade … if they are of another.

* * *

    (9)    Advertising goods or services with intent not to sell them as advertised.

* * *

    (16)    Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

00129668

8



Defendants' practices also violate California Business and Professions Code §17200, *et seq.*

While the complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify these violations by ceasing dissemination of false and misleading information as described in the enclosed complaint, properly inform consumers that Horizons Organic milk is not organic, provide redress for those who have purchased the products, and initiate a corrective advertising campaign to re-educate consumers regarding the truth of the products at issue. In addition, Defendants must offer to refund the purchase price to all consumer purchasers of the products at issue, plus provide reimbursement for interest, costs, and fees.

We await your response.

Sincerely,

*Leslie Hurst*

LESLIE E. HURST

LEH:ec

Enclosure



BLOOD
HURST &
O'REARDON | LLP

501 W. Broadway, Suite 1490 | San Diego, CA 92101
T | 619.338.1100  F | 619.338.1101
www.bholaw.com

Leslie E. Hurst
lhurst@bholaw.com

December 27, 2017

<u>**VIA CERTIFIED MAIL (RETURN RECEIPT)**</u>
**(RECEIPT NO. 7014 0150 0000 6250 7451)**

Mr. Kevin Yost, President
The WhiteWave Foods Company
1225 Seventeenth Street, Suite 1000
Denver, CO 80202

Dear Mr. Yost:

We represent Crystal Brown ("Plaintiff") and all other consumers similarly situated in an action against Danone North America, LLC and The WhiteWave Foods Company (collectively, "Defendants"), arising out of, *inter alia*, omissions and misrepresentations about Horizon Organic milk products with DHA Omega-3.

Plaintiff and others similarly situated purchased Horizon Organic milk products unaware of the fact that Defendants' "organic" representations and omissions were false and deceptive. The full claims, including the facts and circumstances surrounding these claims, are detailed in the class action complaint, a copy of which is attached and incorporated by this reference.

These representations and omissions are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendants with the intent to result in the sale of Horizons Organic milk products to the consuming public. These practices constitute violations of the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* Specifically, Defendants' practices violate California Civil Code §1770(a) under, *inter alia*, the following subdivisions:

(5)  Representing that goods or services have … approval, characteristics, . … uses [or] benefits … [which] they do not have ….

\* \* \*

(7)  Representing that goods or services are of a particular standard, quality, or grade … if they are of another.

\* \* \*

(9)  Advertising goods or services with intent not to sell them as advertised.

\* \* \*

(16)  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

Defendants' practices also violate California Business and Professions Code §17200, *et seq.*

While the complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify these violations by ceasing



dissemination of false and misleading information as described in the enclosed complaint, properly inform consumers that Horizons Organic milk is not organic, provide redress for those who have purchased the products, and initiate a corrective advertising campaign to re-educate consumers regarding the truth of the products at issue. In addition, Defendants must offer to refund the purchase price to all consumer purchasers of the products at issue, plus provide reimbursement for interest, costs, and fees.

We await your response.

Sincerely,

*Leslie Hurst*

LESLIE E. HURST

LEH:ec

Enclosure

# EXHIBIT B

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
pbrown@bholaw.com

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
W. DANIEL "DEE" MILES, III
ARCHIE I. GRUBB
218 Commerce Street
Montgomery, AL 36104
Tel: 334/269-2343
334/954-7555 (fax)
dee.miles@beasleyallen.com
archie.grubb@beasleyallen.com

BRASWELL MURPHY, LLC
KASIE M. BRASWELL
D. BRIAN MURPHY
105 N. Conception Street, #100
Mobile, AL 36602-2904
Tel: 251/438-7503
251/438-7949 (fax)
kasie@braswellmurphy.com
brian@braswellmurphy.com

LAW OFFICE OF PETER FREDMAN PC
PETER B. FREDMAN (189097)
125 University Ave., Suite 102
Berkeley, CA 94710
Tel: 510/868-2626
510/868-2627 (fax)
peter@peterfredmanlaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CRYSTAL BROWN, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DANONE NORTH AMERICA, LLC and THE WHITEWAVE FOODS COMPANY,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**AFFIDAVIT OF LESLIE HURST PURSUANT TO CAL. CIVIL CODE §1780(D)**<br><br>**JURY TRIAL DEMANDED** |

BLOOD HURST & O'REARDON, LLP

1  I, LESLIE E. HURST, declare as follows:

2  1.  I am an attorney duly licensed to practice before all of the courts of the State of

3  California.  I am a partner of the law firm of Blood Hurst & O'Reardon LLP, and one of the

4  counsel of record for plaintiff in the above-entitled action.

5  2.  Defendants Danone North America LLC and The WhiteWave Foods Company

6  have done and are doing business in San Francisco County, California.  Such business includes

7  the marketing, promoting, distributing, and selling of Horizons Organic milk products with

8  DHA Omega-3, the products at issue in the lawsuit.

9  3.  Plaintiff Crystal Brown resides in the city of San Francisco which is located in

10  San Francisco County, California.

11  I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct.  Executed on December 27, 2017, at San Diego, California.

13

14  _s/ Leslie E. Hurst_
        LESLIE E. HURST

15

16

17

18

19

20

21

22

23

24

25

26

27

28