UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL BROWN,<br><br>   Plaintiff,<br><br> v.<br><br>DANONE NORTH AMERICA, LLC, et al.,<br><br>   Defendants. | Case No. 17-cv-07325-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 20 |

Before the Court is Defendants Danone North America, LLC ("Danone") and WWF Operating Company's motion to dismiss Plaintiff Crystal Brown's putative class action complaint. ECF No. 20-1. The Court will grant the motion. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition without oral argument.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

Brown purchased several varieties of Horizon Organic milk approximately once a week between January 2015 through January 2016. ECF No. 1 ("Compl.") ¶ 8. Prior to purchasing the milk, Brown "read defendants' labels." *Id.* Brown purchased the milk in reliance on the labels' indication that the milk was organic. *Id.* The labels clearly state that the milk is "organic" and that the milk contains DHA,[2] and the labels bear the United States Department of Agriculture ("USDA") organic certification logo. *Id.* ¶ 17.[3] Brown describes the milk in her complaint as

---

[1] Except as otherwise noted, the Court takes the facts as true from the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

[2] DHA, short for Docosahexaenoic acid, is a "fatty acid" added to milk for brain health. Compl. ¶¶ 17, 20.

[3] Brown includes in her complaint this representative label:

"[c]ertified organic." *Id.* ¶ 18. The USDA database publicly shows that Horizon Organic milk with DHA is currently certified organic by the USDA, and has been so since 2013. ECF No. 21-9 at 2.[4] Horizon Organic milk is more expensive that non-organic milk. *Id.* ¶ 16. Brown alleges that the milk is not organic because it contains DHA, a nutritional additive. *Id.* ¶ 20. According to Brown, only certain nutritional additives, not including DHA, may be added to organic food products. *Id.* ¶ 21. Therefore, Brown alleges that the Defendants' labeling and advertising of Horizon Organic milk as organic is false and misleading. *Id.* ¶ 23. Brown "would not have purchased the products or would not have paid the price she paid," had she known the milk was not organic. *Id.* ¶ 8.

Defendant WWF Operating Company ("WhiteWave"), erroneously sued as WhiteWave Foods Company, produces and sells different varieties of Horizon Organic milk. ECF No. 20-1 at 9; Compl. ¶¶ 9-11. WhiteWave is a subsidiary of Danone. Compl. ¶¶ 9-10. Horizon Organic's market share of the organic milk market exceeds 40 percent. *Id.* ¶ 10.

Brown's putative class action complaint alleges that Defendants violated California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq. Id.* ¶ 36. Specifically, Brown alleges that Defendants committed: (1) unlawful business practices, *id.*¶ 36, (2) unfair business practices, *id.*¶ 38, (3) fraudulent business practices, *id.*¶ 41, all by making

---

 Compl. ¶ 17.

[4] Plaintiff also relies on an April 2010 memorandum from the National Organic Program discussing the use of DHA in organic products that she contends makes the addition of DHA to organic milk unlawful. ECF No. 26 at 11; ECF No. 29 at 5. Although the Court declines to adjudicate Brown's substantive contention that DHA makes the milk not organic, it notes that Horizon Organic milk with DHA was certified organic in 2013, and each year thereafter, well after the 2010 memorandum.

misrepresentations and material omissions. Brown also alleges that Defendants fraudulently violated the California Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.* by knowingly and falsely representing the milk as organic. *Id.* ¶¶ 48-54. Defendants now move to dismiss Brown's complaint. ECF No. 20.

## II. JUDICIAL NOTICE

Defendants request judicial notice of seven administrative rules and other similar documents issued by the USDA, the USDA's certification listings for Horizon Organic milk, and the USDA's accreditation for Quality Assurance International, the certifying agent for Horizon Organic milk. ECF No. 21. Brown requests judicial notice of USDA memoranda and other similar documents, and an amicus curiae brief filed in the Second Circuit. ECF No. 27. None of the requests is opposed.

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court concludes that the documents included by the parties are proper subjects of judicial notice and grants the parties' respective requests. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (citing *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (finding the Court "may take judicial notice of 'records and reports of administrative bodies'")).

## III. LEGAL STANDARD

While the Court accepts the material facts alleged in the complaint, along with all reasonable inferences to be drawn from those facts, as true, *Navarro*, 250 F.3d at 732, "the tenet that a court must accept a complaint's allegations as true is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To be entitled to the presumption of truth, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

"In alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a complaint must supply "the circumstances constituting the alleged fraud" with a description "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation omitted).

**IV.  REGULATORY FRAMEWORK**

The Organic Foods Production Act ("OFPA") directs the USDA to "establish an organic certification program for producers and handlers of agricultural products that have been produced using organic methods." 7 U.S.C. § 6503(a). The OFPA's purposes are "(1) to establish national standards governing the marketing of certain agricultural products as organically produced products; (2) to assure consumers that organically produced products meet a consistent standard; and (3) to facilitate interstate commerce in fresh and processed food that is organically produced." *Id.* § 6501. Certifying agents accredited by the USDA certify that products sold and labeled as organic are "produced and handled in compliance with an organic plan." *Id.* §§ 6503(d), 6504(3), 6514–6515. Only certified organic products may bear the USDA organic logo. 7 U.S.C. § 6505; 7 C.F.R. § 205.301. Certifying agents examine "all substances or materials used in the production or handling process" to determine whether the final product is organic. *Marentette v. Abbott Labs., Inc.*, 886 F.3d 112, 116 (2d Cir. 2018). Once a product is certified, certifying agents review the certification annually. 7 C.F.R. § 205.403(a)(1).

The USDA limits the remedies available for violations of the OFPA. "[A]nyone may file a complaint, with USDA, . . . or [a] certifying agent, alleging violations of the Act or these regulations." 65 Fed. Reg. 80627. The USDA penalizes violations through civil penalties and criminal prosecutions. 7 U.S.C. § 6519(c). A consumer who believes that a certifying agent wrongly certified a product may administratively appeal that certification to the USDA, and if the USDA denies that appeal, the consumer may seek review in district court. *Id.* § 6520(a). OFPA expressly preempts independent state certification laws. *See id.* § 6507.

4

## V. DISCUSSION

### A. Whether Plaintiff's Claims Are Preempted

Defendants argue Plaintiff's claims that Defendants misrepresented Horizon Organic milk as organic in violation of state law are impliedly preempted by the federal certification scheme. ECF No. 20-1 at 18. Plaintiff argues that her claims fall within the category of claims courts have recognized are not preempted by this federal scheme. ECF No. 26 at 15.

Where state law claims stand "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," as laid out in a comprehensive federal regulatory scheme, those claims are impliedly preempted by that federal scheme. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000) (citation omitted). This doctrine, commonly referred to as "obstacle preemption," is a form of implied preemption which derives from the Supremacy Clause. U.S. Const. art. VI, cl. 2; *Arizona v. United States*, 567 U.S. 387, 399 (2012). There is a general presumption against implied preemption of state law, which is particularly strong in areas traditionally occupied by the states, such as food and consumer regulation. *Wyeth v. Levine*, 555 U.S. 555, 565 (2009). To determine whether a federal scheme preempts state law, courts look to the purposes of Congress in establishing the federal scheme, to assess whether there is a direct conflict. *Id.* at 565-567.

The Ninth Circuit has yet to analyze whether the OFPA preempts state law challenges which call into question whether organic products were properly certified as organic. The Eighth, and Second Circuits, however, have concluded that such challenges are preempted. *See Marentette*, 886 F.3d 112; *In re Aurora Dairy Corp. Organic Milk Marketing & Sales Practices Litig.*, 621 F.3d 781 (8th Cir. 2010). Other courts in this district have followed these cases as persuasive. *See Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 895 (N.D. Cal. 2012); *Brown v. Hain Celestial Grp., Inc.*, No. C 11-03082 LB, 2012 WL 3138013, at \*9 (N.D. Cal. Aug. 1, 2012).[5]

---

[5] The Court acknowledges but finds unpersuasive an out of district case which concluded that certification claims were not preempted, *Segedie v. Hain Celestial Grp., Inc.*, No. 14-CV-5029 NSR, 2015 WL 2168374 (S.D.N.Y. May 7, 2015), particularly in light of the Second Circuit's subsequent opinion in *Marentette*. Moreover, other out of district cases align with this Court's

In 2010, the Eighth Circuit assessed whether state law challenges to the organic certification of milk, and regarding misleading representations about the treatment of the cows producing that milk, were preempted by OFPA. *Aurora*, 621 F.3d at 790. The Eighth Circuit reasoned that through OFPA, Congress intended to replace the patchwork of state organic certifications with a single national certification standard and enforcement mechanism. *Id.* at 795. The court held that "plaintiffs' claims that Aurora and the retailers sold milk as organic when in fact it was not organic are preempted because they conflict with the OFPA." *Id.* at 796. Some of the plaintiffs' claims survived, however. "[I]n contrast to state law challenges to certification itself, challenges to the underlying facts do not necessarily conflict with the OFPA's purposes." *Id.* at 797. Accordingly, the Eighth Circuit concluded that the claims regarding misrepresentations about the humane treatment of cows fell in the latter category, and were not preempted. *Id.*

Drawing upon *Aurora*, the Second Circuit recently held that claims very similar to Brown's were preempted by OFPA. *Marentette*, 886 F.3d at 113. The court found preempted California UCL and CLRA claims that defendants' misrepresented certified organic infant formula as organic because it contained nutritional additives including DHA. *Id.* at 114; *Marentette v. Abbott Labs.*, Inc., 201 F. Supp. 3d 374, 377 (E.D.N.Y. 2016). Prior to issuing its ruling, the Second Circuit solicited the USDA's opinion as to whether (1) certifying agents base their certifications on *all* ingredients in the final product, and (2) certification is co-extensive with OFPA compliance. *Marentette*, 886 F.3d at 115. The USDA answered both questions in the affirmative, making clear that "[p]roducts . . . produced and handled pursuant to a properly certified plan are organic as a matter of federal law." *Id.* at 119. The USDA outlined two narrow circumstances when a certified organic product would not comply with OFPA: if the product was improperly certified, or if the production plan changed after certification. Here, Brown makes no claims that the production plan changed, and any claim of improper certification is precisely the claim preempted by OFPA. The proper way to pursue that claim is through the administrative appeal scheme established in that law. 7 U.S.C. § 6520 (allowing a person to appeal a wrongful

---

conclusions. *See Organic Consumers Ass'n v. Hain Celestial Grp., Inc.*, 285 F. Supp. 3d 100 (D.D.C. 2018); *Birdsong v. Nurture, Inc.*, 275 F. Supp. 3d 384 (E.D.N.Y. 2017).

6

certification to the agency, and the district court).[6]

Both state courts and district courts in this circuit have adopted the same distinctions outlined in *Aurora* and *Marentette*. The California Supreme Court recently analyzed whether state claims were preempted by OFPA by distinguishing between challenges to certification, and challenges to "the truth of facts relating to certification." *Quesada v. Herb Thyme Farms, Inc.*, 62 Cal. 4th 298, 319-320 (2015); *see also* ECF No. 21-8 at 5 (*Ctr. for Enviro. Health v. Perrigo*, No. RG16820116, slip op. at 2 (Cal. Super. Ct., Alameda Cty. Nov. 7, 2016)) (concluding that plaintiff's effort to enjoin the sale of defendant's products as organic in California was obstacle preempted, citing *Marentette* and *Aurora*). The California Supreme Court held that a fraud claim against a producer of both certified organic herbs and conventional herbs, which blended both kinds of herbs together and sold the blend as organic, was not preempted. *Quesada*, 62 Cal. 4th at 303. The court relied, in part, on reasoning from *Aurora*, noting that only claims challenging the certification itself conflicted with exclusive and uniform federal certification. *Id.* at 319-320. The court concluded that "the gravamen of these [fraud] claims is different. . . . Underlying each cause of action is the allegation that Herb Thyme . . . knowingly and intentionally sells some conventional herbs under an organic label and at an organic premium price." *Id.* at 320.

Likewise, in *Brown*, another court in this district adopted the Eighth Circuit's reasoning in *Aurora*. *Brown*, 2012 WL 3138013, at *9. The plaintiff in that case claimed that cosmetics labeled as "organic," but which contained less than 70% organic materials violated California law. *Id.* at *5. The court concluded the claim was not preempted because it was not a certification challenge. *Id.* at *10; *see also Jones*, 912 F. Supp. 2d at 895 ("Here, the claims at issue do not involve organic certification of Defendant's products; rather, the claims are exactly the type of

---

[6] The Court agrees with the Second and Eighth Circuits that OFPA's limited *express* preemption provision, 7 U.S.C. § 6507, which provides that state certification schemes are preempted, does not foreclose the application of *implied* preemption. *Marentette*, 886 F.3d at 120 ("[A]n express preemption provisio[n] does not bar the ordinary working of conflict preemption principles or impose a special burden . . . . [Therefore,] express preemption provision does not weaken our conclusion that there is an implicit conflict between the OFPA and the state laws."); *Aurora*, 621 F.3d at 793 ("OFPA's inclusion of a limited preemption provision, 7 U.S.C. § 6507, while not foreclosing any possibility of implied preemption, is relevant to and is a factor in deciding whether Congress impliedly intended to preempt state law.").

7

state claims the courts in *In re Aurora* and *Brown* concluded are not expressly preempted."); *c.f.*, *All One God Faith, Inc. v. Hain Celestial Grp., Inc.*, No. C 09-03517 JF (HRL), 2009 WL 4907433, at *6 (N.D. Cal. Dec. 14, 2009) (concluding that certification claims must be administratively exhausted under 7 U.S.C. § 6520, and deferring to USDA primary jurisdiction).

Brown argues that this case is more like *Quesada* than *Marentette* and *Aurora*, and that her claims fall within the category of claims found not preempted in the latter two cases. ECF No. 26 at 20-21.[7] The argument is not persuasive because this case is on all fours with the certification claims in *Marentette*. As in that case, Brown alleges that the product is certified organic, but her "primary argument rests on a false premise—that [her] claim that [Defendants'] products violate federal law is distinct from a claim that [Defendants] wrongfully obtained its organic certification." 886 F.3d at 118. Unlike the state false advertising claims about livestock conditions in *Aurora*, the claims in this case and *Marentette*, at bottom, challenge "the certification itself," and are therefore preempted under OFPA. *Id.* Brown's state law claims that the certified organic milk is not *really* organic directly conflict with OFPA's primary purposes: (1) a uniform national standard, and (2) exclusive federal enforcement of such standard. *Marentette*, 886 F.3d at 115; *In re Aurora*, 621 F.3d at 795. "There is simply no way to rule in [Brown's] favor without contradicting the certification decision, and, through it, the certification scheme that Congress enacted in the OFPA." *Marentette*, 886 F.3d at 118. Accordingly, Brown's claims are preempted by the OFPA certification scheme, and her claim is dismissed.

### B. Whether Plaintiff Has Statutory Standing

Plaintiff's claims must be dismissed for the additional reason that Plaintiff cannot allege the injury required to demonstrate standing under California state law because Defendants' labels fully disclosed the facts giving rise to Plaintiff's claims. ECF No. 20-1 at 16-18. Brown own

---

[7] Brown also argues that her claims are not preempted because the United States Supreme Court has recently held that drug labeling claims are not preempted by the FDA. ECF No. 26 at 19 (citing in *Wyeth*, 555 U.S. at 581). In *Wyeth*, the Supreme Court allowed state law claims against a drug company for inadequately warning about side effects to go forward, despite the fact that the FDA had approved the label. *Id.* Unlike in *Wyeth*, where there was no remedy other than state law for injuries caused by unsafe drugs, 555 U.S. at 573-74, here there is an administrative remedy for wrongful certification, 7 U.S.C. § 6520.

8

complaint alleges that the labels disclosed that (1) the milk was certified organic and (2) the milk contained DHA. Compl. ¶¶ 17-18. Brown alleges that she read these labels before purchasing the milk. *Id.* ¶ 8.

Under the CLRA a plaintiff must allege that she relied on the defendant's alleged misrepresentation and that she suffered economic injury as a result. *See* Cal. Bus. & Prof. Code § 17535 (requiring that a plaintiff "suffered injury in fact and [] lost money or property as a result of a violation of this chapter"); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010) (finding CLRA claim must allege facts showing plaintiff "relied on any representation by" defendant). Under the UCL, similar standing requirements apply to all claims under the fraudulent prong. *See Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253, at *6 (N.D. Cal. Sept. 19, 2013) (citing *In re Tobacco*, 46 Cal. 4th 298, 326 (2009)). The requirement also applies to UCL claims under the unlawful and unfair prongs, to the extent they allege misrepresentations or fraudulent conduct. *Kane*, 2013 WL 5289253, at *6 (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011)). Brown brings claims under all three prongs (unlawful, unfair, and fraudulent), each alleging that Defendants misrepresented the milk as organic when it was, in fact, not organic. Compl. ¶¶ 36, 38, 41. Brown also alleges misrepresentation under the CLRA. *Id.* ¶ 54. Accordingly, the Court concludes that Brown must allege a misrepresentation that (1) she actually relied upon and (2) caused economic loss to demonstrate statutory standing for all of her claims. *Kane*, 2013 WL 5289253, at *6 (concluding the same where the "gravamen" of plaintiffs' claims was that the defendants' "labeling was deceptive").

In *Kane*, another court in this district concluded that plaintiffs lacked standing where they alleged that they read the label, and the label disclosed all the facts that plaintiffs challenged as misleading. *Kane*, 2013 WL 5289253, at *10. In that case, the plaintiffs alleged that defendants misrepresented their yogurt as "all natural" when it included vegetable juice concentrate. *Id.* The court held that the plaintiffs lacked standing because they read the labels, which disclosed the vegetable juice concentrate, and therefore could not allege actual reliance on defendants' alleged omission. *Id.*

The same reasoning applies here. Brown responds that her claim is not that she did not

9

know the milk had DHA, but rather that she believed the milk was organic based on its label, but its DHA made it not organic. ECF No. 26 at 14. This circular reasoning does not save Brown's claim. Her complaint states, "[p]rior to her purchases, plaintiff Brown read defendants' labels on which they represented that the milk was 'Organic.' In reliance upon these representations that the milk was organic, Brown purchased what she reasonably believed were organic milk products. Had plaintiff known the truth about Horizon Organic milk and that it was not organic as represented, she would not have purchased the products or would not have paid the price she paid." Compl. ¶ 8. But because the label prominently disclosed the presence of DHA, she *did* know all the relevant facts. *Id.* ¶ 17. As a separate and independent reason for dismissing the complaint, the Court concludes that Brown cannot plead reliance or economic injury, and therefore lacks statutory standing to bring her claims.[8]

### C. Whether Danone is a proper party

Defendants argue that Danone is an improper party because it is a separate corporate entity from its subsidiary WhiteWave, which produces and sells Horizon Organic milk. ECF No. 20-1 at 32-33 (citing *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015)). To support this contention, Defendants include a declaration from Stanley Marcello, a "Senior Director, Tax," who declares that Danone is a "separate corporate entity." ECF No. 20-2. The declaration does not explain for which company Marcello is a director. *Id.*

Brown argues in opposition that the Court should not consider the declaration on this motion to dismiss. ECF No. 26 at 31. Defendants do not respond to this argument in their reply. ECF No. 29. "[I]n a ruling on a 12(b)(6) motion, a court cannot consider evidence outside the pleadings without converting the motion to dismiss into one for summary judgment and giving the opposing party an opportunity to respond." *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir.

---

[8] The Court concludes as much under either Rule 8(a) or Rule 9(b). *See Kane*, 2013 WL 5289253 at *7 & n.4 (concluding that plaintiffs lack standing under either rule, but noting that "Plaintiffs must satisfy the heightened pleading standards for fraud under Rule 9(b) with respect to all of their UCL . . . and CLRA claims. Even if fraud is not a necessary element of a claim, Rule 9(b) will apply if the plaintiff has alleged a unified course of fraudulent conduct and relied entirely on that course of conduct as the basis of the claim") (citations and alterations omitted)).

2001)). The Court accordingly declines to consider the Marcello declaration. Under the allegations of the complaint, which the Court takes as true, *Navarro*, 250 F.3d at 732, Danone and WhiteWave together produce, market, and sell Horizon Organic milk. Compl. ¶ 11. The Court declines to dismiss Danone as an improper party.

## CONCLUSION

In light of the Court's conclusion that Brown's claims are preempted by OFPA, and that she lacks standing under the UCL and CLRA, the Court need not address Defendants' remaining arguments. The Court GRANTS the motion to dismiss in its entirety. Plaintiff may file an amended complaint within 21 days curing the defects identified in this order. If no such complaint is filed, the Court will dismiss the case with prejudice.

**IT IS SO ORDERED.**

Dated: May 1, 2018

_____
JON S. TIGAR
United States District Judge